SAVOY, Judge.
This is a possessory action. Plaintiffs allege they and their ancestors in title had possessed the property for many years, and that in about 1970 their possession was disturbed by defendant erecting a fence across a portion thereof. Essentially, the defense is that plaintiffs failed to prove the requisite possession for one year preceding the alleged disturbance. After a trial, the district judge sustained this defense and dismissed plaintiffs’ suit. Plaintiffs appealed.
The decisive issue is whether plaintiffs proved possession for more than a year immediately prior to the alleged disturbance in 1970.
At the trial, plaintiffs introduced evidence in an attempt to show they had civil or corporeal possession of this property up until defendant built his fence in 1970 across the eastern portion thereof. For the purpose of showing the extent of this possession, they introduced evidence of their record title to the parent tract in question. On the other hand, defendant introduced evidence which shows by a clear preponderance that the fence, although repaired from time to time, has been in its present location since prior to 1938, and that defendant and his ancestors in title have had corporeal possession to the fence line down to the present time.
LSA-C.C.P. Article 3658 states the requisites of the possessory action as follows:
“To maintain the possessory action the possessor must allege and prove that:
“(1) He had possession of the immovable property or real right at the time the disturbance occurred;
“(2) He and his ancestors in title had such possession quietly and without inter *619 ruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
“(3) The disturbance was one in fact or in law, as defined in Article 3659; and “(4) The possessory action was instituted within a year of the disturbance.”
In the present case, plaintiffs have failed to prove they possessed the property in dispute for more than a year immediately prior to the alleged disturbance in 1970. Their suit must therefore be dismissed.
Since title is not at issue, it is unnecessary for us to discuss arguments made by counsel under LSA-C.C. Article 852, and the district court judgment must be amended insofar as it maintains the plea of prescription acquirendi causa under that article.
For the reasons assigned, the judgment appealed is amended so as to delete therefrom the maintenance of the plea of prescription under LSA-C.C. Article 852. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.
Amended and affirmed.